UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEV ORR | * | CIVIL ACTION |
| | * | |
| VERSUS | * | 07-1695 |
| | * | |
| JAMES DIAMOND, CHAIRMAN | * | SECTION: L-5 |
| JPMORGAN CHASE BANK | * | |
| | * | |
| * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANT, JAMES DIMON**

MAY IT PLEASE THE COURT:

Defendant, James Dimon (sometimes referred to as James Diamond and/or Jamie Dimon in the Complaint and Amended Complaint), submits this Memorandum in Support of his Motion to Dismiss pursuant to F.R.C.P. 12(b)(6). As discussed below, the Plaintiff, Bev Orr, has failed to state a cause of action upon which relief can be granted.

## BACKGROUND

The plaintiff, Bev Orr, has filed *in forma pauperis* a *pro se* Complaint against "James Diamond, Chairman, JPMorgan Chase Bank, defendant." She then filed an Amended

Complaint alleging that "the correct name of the defendant is James Dimon, Chairman, Board of Directors, JPMorgan Chase Bank."

In her Complaint, under the section titled "Parties," the plaintiff alleges that "the respondent is Jamie Diamond, Chairman, Board of Directors." The Court issued a summons to "James Dimon."

Notwithstanding that the sole defendant is styled as either "Jamie Diamond" and amended to "James Dimon," the Complaint itself contains no allegations with regard to Mr. Dimon. The following are the sole allegations contained in the Complaint:

1. "The Chase Bank has arbitrarily and without any actual legal authority imposed (upon myself) a wage garnishee arrangement. . ."
2. "The position of Chase Bank as merely the middle-man between myself and my employer for payroll purposes in no way constitutes an exemption from the usual and customary legal procedures required prior to garnishment of wages."
3. "This is to request an injunction to force the Chase Bank to return immediately the entire seized payroll."
4. "There is no argument for allowing the bank to retain the wages prior to an administrative judgment entitling the bank to the wages."

The facts set forth above are taken from the Complaint, and are assumed true only for the purposes of this Motion to Dismiss. The Complaint only alleges wrongdoing by "Chase Bank." Mr. Dimon's name is wholly absent from the body of the Complaint (except where

he is listed as the "respondent" and in the caption where he is listed as the sole defendant).

**STANDARD UNDER F.R.C.P. 12(b)(6)**

Dismissal pursuant to Rule 12(b)(6) is appropriate when "it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Meadowbriar Home for Children Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). A court should dismiss a Complaint if it appears beyond doubt that the plaintiff can prove no set of facts to support his/her claim. The allegations in the Complaint must be liberally construed and all alleged facts must be taken as true. Further, a *pro se* Complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Pryor v. Wolfe*, 196 Fed. Appx. 260 (5th Cir. 2006) (copy of non-published decision attached as Exhibit 1). However, even in *pro se* complaints "conclusory allegations and legal conclusions masquerading as factual conclusions will not suffice to prevent a Motion to Dismiss." *Bowers v. Potter*, 113 Fed. Appx. 610 (5th Cir. 2004) (copy of decision attached as Exhibit 2).

A court is without jurisdiction under Rule 12(b)(6) if a *pro se* plaintiff has sued the wrong party. The court should grant dismissal pursuant to Rule 12(b)(6) when a Complaint names the wrong party, and the plaintiff cannot prevail against a defendant in any circumstance. See generally *Alexander v. Clerk of Court*, 1994 WL 328349, fn. 2 (E.D.Pa. 1994); *Pierce v. Oddessy Health Care Inc.*, 2007 WL 686616 (S.D. Ala. 2007) (copies of decisions attached as Exhibits 3 and 4).

**DISCUSSION**

For the purposes of this Motion, defendant will presume the truth of the material facts as alleged in the Complaint. It appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim against the defendant, Mr. Dimon. Even if every single allegation in the Complaint is taken as true, no judgment could conceivably be rendered against Mr. Dimon. The Complaint does not allege that Mr. Dimon owes any duty to plaintiff, nor does the Complaint allege that Mr. Dimon breached any duties. The Complaint does not allege any contractual relationship between the Plaintiff and Mr. Dimon, or any privity whatever. Other than being listed as a "respondent" and as a "party," Mr. Dimon's name is wholly absent from the body of the Complaint. The Plaintiff does not attempt to allege a cause of action against him. Rather, the entire Complaint alleges wrongdoing on the part of "Chase Bank." The Complaint does not even summarily allege that Mr. Diamond engaged in any wrongdoing.

Accordingly, even liberally construing this *pro se* Complaint and assuming that the factual allegations are all true, and further, inferring all reasonable inferences in favor of the Plaintiff, the Complaint wholly fails to state any potential or conceivable cause of action against Mr. Dimon. In sum, the claims of the Complaint are wholly insufficient because they do not even purport to allege any wrongful conduct or the breach of any duty on the part of Mr. Dimon.

## CONCLUSION

Defendant, James Dimon, prays that the Court grant his motion dismissing all claims against him with prejudice in accordance with F.R.C.P. 12(b)(6).

Respectfully submitted,

Salley, Hite, Rivera & Mercer, LLC
**JOHN W. HITE III (T.A. 17611)**
**SUSAN G. GUILLOT (29588)**
One Canal Place
365 Canal Street, Suite 1710
New Orleans, LA 70130
Telephone: 504/566-8800
Facsimile: 504/566-8828

**BY:** ______________________
**JOHN W. HITE III**
**ATTORNEYS FOR DEFENDANT, JAMES DIMON**

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 31st day of May 2007, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by depositing it in the United States mail, properly addressed, and first class postage prepaid, by hand delivery or by facsimile.

______________________

G:\daisy\WD\20570\Memo Supp Dismiss.wpd