UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEV ORR | CIVIL ACTION |
| VERSUS | NO. 07-1695 |
| JAMES DIAMOND, CHAIRMAN<br>JPMORGAN CHASE BANK | SECTION T-5 |

Before the Court is a Motion to Dismiss, filed on behalf of the defendant, James Dimon, on May 31, 2007.  [Rec. Doc. No. 8].  The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.  BACKGROUND**

The plaintiff, Bev Orr, initially filed *in forma pauperis* a *pro se* Complaint against "Jamie Diamond, Chairman, JPMorgan Chase Bank, defendant."  [Rec. Doc. No. 5].  She then filed an Ammended Complaint alleging that "the correct name of the defendant is James Dimon, Chairman, Board of Directors, JPMorgan Chase Bank."  [Rec. Doc. No. 6].

The complaint alleges that the plaintiff was deprived of her property (direct deposit payroll

wages) by Chase Bank. It is further claimed that the "the Chase Bank has arbitrarily and without any actual legal authority, imposed a wage garnishee arrangement." [Rec. Doc. No. 5]. The complaint also states that the position of Chase Bank as a middleman between the employee and employer does not exempt it from the customary legal procedures required to garnish wages. See id. The plaintiff's petition requests that an injunction be granted to force Chase Bank to return the entire seized payroll immediately and states that "The Bank" (implying Chase Bank) should not be allowed to garnish wages in the absence of an administrative judgment entitling them to such wages. See id.

## II.    LAW AND ANALYSIS OF THE COURT

Under F.R.C.P. 12(b)(6), a dismissal is appropriate when it appears that no relief could be granted based on any set of facts that could be proven consistent with the allegations. See Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 529 (5th Cir. 1996). A complaint should be dismissed pursuant to a 12(b)(6) motion if it appears that, after liberally construing the allegations and taking the facts of the complaint to be true, a plaintiff can prove no set of facts to support his or her claim. See id.

While a *pro se* plaintiff is held to a less stringent standard than a lawyer, a 12(b)(6) motion should be granted if a *pro se* plaintiff has sued the wrong party. See Pryor v. Wolfe, 196 Fed. Appx. 260 (5th Cir. 2006); Pierce v. Oddessy Health Care, Inc., 2007 WL 686616 (S.D. Ala. 2007). When a Complaint names the wrong party, the plaintiff cannot prevail against that defendant under any set of facts. See Pierce, 2007 WL 686616.

Here, the Complaint alleges no wrongdoing on the part of the named defendant, James

Dimon. All of the alleged transgressions were committed by Chase Bank and not by James Dimon. Even in spite of the liberal treatment offered to *pro se* plaintiffs, the complaint alleges nothing which could even be construed as wrongdoing on the part of the defendant. Moreover, the complaint nowhere mentions the defendant by name. The only party referenced in the body of the complaint is Chase Bank.

Furthermore, not only does the plaintiff not allege that any harm was caused by the defendant, but the plaintiff does not offer any way that a judgment against the defendant could grant the plaintiff relief from her claimed injuries. The demand does not request any action be performed by the defendant but merely requests an injunction to force Chase Bank to return the seized wages. Because the allegations in the petition state no facts or actions for which the named defendant could be held liable by law, the Court has no choice but to dismiss the claim.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss, filed on behalf of the Defendant, James Dimon (Jamie Diamond), be, and the same is hereby, **GRANTED.**

New Orleans, Louisiana, this 26th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.